IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tammy S. Brown, ) | C/A No. 0:15-2279-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Tammy S. Brown, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

Page 1 of  11



(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In October 2012, Brown applied for DIB and SSI, alleging disability beginning June 25, 2011. Brown's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on October 3, 2013 at which Brown, who was represented by Stuart W. Snow, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on January 9, 2014 concluding that Brown was not disabled from June 25, 2011 through the date of the decision.[2] (Tr. 227-38.) The Appeals Council granted Brown's request for review and issued an order on April 2, 2014 vacating the hearing decision and remanding the case for further proceedings. (Tr. 244-46.) Specifically, the Appeals Council found that further evaluation of Brown's residual functional capacity was necessary in that the ALJ's decision did not define the term "heavy typing" which he relied upon in finding that Brown could return to her past work as a medical receptionist but not her past work as a secretary. The Appeals Council instructed the ALJ as follows:

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 85-16 and 96-8p).

- Give further consideration to [] whether the claimant is capable of performing any of her past relevant work.

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert to determine whether the claimant has acquired any skills that are transferable to other occupations under the guidelines in Social Security Ruling 82-41. The hypothetical questions should reflect the specific capacity/limitations established by the records as a whole. The

---

[2] Brown previously filed an application for DIB in July 2009, which was denied by the ALJ on June 24, 2011. In his decision, the ALJ found that Brown could perform her past relevant work as an assistant manager/manager with the residual functional capacity to perform light work. (Tr. 136-43.)

> Administrative Law Judge will ask the vocational expert to identify examples of such appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. 245.)

A second hearing was held on July 11, 2014, at which Brown appeared and testified and continued to be represented by Stuart W. Snow, Esquire. The ALJ also heard testimony from a vocational expert. The ALJ issued a decision on January 28, 2015 finding that Brown was not disabled. (Tr. 14-26.)

Brown was born in 1961 and was forty-nine years old at the time of her alleged disability onset date. (Tr. 377.) She has a high school education and has past relevant work experience as a secretary and a medical receptionist. (Tr. 434.) Brown alleged disability due to fibromyalgia, diabetes, a back injury, depression, arthritis, and degenerative joint disease. (Tr. 433.)

In applying the five-step sequential process, the ALJ found that Brown had not engaged in substantial gainful activity since June 25, 2011—her alleged onset date. The ALJ also determined that Brown's degenerative disc disease, osteoarthritis, fibromyalgia, and insulin-dependent diabetes mellitus were severe impairments. However, the ALJ found that Brown did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found that Brown retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for the following limitations: no lifting or carrying over 10 pounds occasionally and less than 10 pounds frequently; no more than frequent pushing or pulling with the upper



extremities; no standing or walking over an aggregate of two hours in an eight-hour workday; no more than occasional stooping, balancing, crouching, kneeling, or climbing of stairs or ramps; and no crawling or climbing of ladders, ropes, or scaffolds.

(Tr. 20.) The ALJ found that Brown was capable of performing past relevant work as a medical receptionist—DOT section 237-367-038, which was semi-skilled work with an SVP code of five—performed at the sedentary exertional level, and that this work did not require the performance of work-related activities precluded by claimant's residual functional capacity. Therefore, the ALJ found that Brown was not disabled from June 25, 2011 through the date of his decision.

The Appeals Council denied Brown's request for review on April 23, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Brown raises the following issues for this judicial review:

1. Whether the Administrative Law Judge erred in failing to comply with the remand order[;]

2. Whether the Administrative Law Judge erred in concluding that the claimant is able to perform PRW as medical receptionist, though unable to perform PRE as secretary[;[3] and]

3. Whether the Administrative Law Judge erred in failing to find claimant had "justifiable cause" for failing to obtain recommended medical treatment[.]

(Pl.'s Br., ECF No. 16.)

## DISCUSSION

**A.    Remand Order and Brown's Past Relevant Work (Issues One and Two)**

In remanding the matter, the Appeals Council observed that the ALJ's decision dated January 9, 2014 including a finding that Brown

> has not been under a disability based on a step four finding that the claimant is capable of performing past relevant work as a medical receptionist. In so doing, the Administrative Law Judge noted, "The vocational expert also found that the claimant could perform past secretarial work; however, [given] the heavy typing required, as pointed out by the claimant's representative, I have ruled out the claimant's ability to return to such past work[.]" The Council notes that neither the residual functional capacity nor the medical records support that the claimant would be unable to perform "heavy typing."

(Tr. 244) (internal citations omitted). The Appeals Council continued further observing that

> the decision does not define the term "heavy typing." In so doing, the decision does not clarify the origin of this information as it is not contained in the Dictionary of

---

[3] The court notes that Brown appears to use PRW and PRE interchangeably to refer to past relevant work.



> Occupational Titles or in the summary of the claimant's past relevant work. The Council also notes the decision does not contain a discussion of the amount of typing necessary for each position. Therefore, the Council is unable to determine if the claimant is capable of performing her past relevant work as a medical receptionist and further clarification is necessary as both positions require typing.

(Tr. 245.)

Brown argues that the ALJ erred in failing to comply with the remand order from the Appeals Council. Specifically, she asserts that the ALJ failed "to address the amount of typing required as a medical receptionist, and whether [she] is able to perform the typing required of her PRW as a medical receptionist." (Pl.'s Br. at 5, ECF No. 16 at 5.) Brown points out that both decisions observed that Brown indicated she has joint pain in her hands and wrists, decreased use of her hands, and dependence on wrist braces. However, upon remand the Appeals Council directed the ALJ to "offer the claimant an opportunity for a new hearing, take any further action needed to complete the administrative record and issue a new decision." (Tr. 245.) Unlike the first decision, in the second decision the ALJ did not include any statements suggesting that Brown was limited in her ability to type. Moreover, as indicated above, the Appeals Council's remand order states that the medical records do not support that the claimant would be unable to perform heavy typing.

The only evidence to which Brown initially directs the court's attention in support of such a limitation appears to be her own testimony, which the ALJ discounted, and Brown has failed to demonstrate any reversible error in the ALJ's credibility analysis. Brown later mentions the ALJ's statement that notes from a November 3, 2011 office visit with Dr. Robert Vyge, Brown's treating physician, indicated "arthralgia/fibromyalgia with painful wrists, hands, and shoulders." (Tr. 20.) Brown also points out that on June 30, 2014, Dr. Alvin Abinsay noted a limited range of motion and tenderness in Brown's hands. However, the ALJ's decision clearly reflects that he considered both

of these treatment notes as well as the other evidence of record in evaluating Brown's impairments. (See Tr. 20-21.) For example, the ALJ also repeatedly observed Brown's conservative care and treatment. He also summarized a consultative examination on May 31, 2013 which included findings that Brown "had 5/5 grip strength at the left and 4/5 grip strength at the right, " "enjoyed 5/5 motor strength in the upper extremities and 4/5 strength at the lower extremities," and exhibited no atrophy, joint swelling, or deformity. (Tr. 21.) The ALJ further found that Dr. Abinsay "did note some decreased range of motion at the hips, knee, and hand, but the claimant still exhibited a normal gait with minimal other findings." (Id.)

Therefore, as argued by the Commissioner, the court finds that the ALJ did not err in failing to determine the amount of typing that was required by Brown's past relevant work as a medical receptionist as there is no indication that he found any credible functional limitations in this area. Further, the court finds that Brown has failed to demonstrate that the ALJ's residual functional capacity assessment was unsupported by substantial evidence. Accordingly, Brown cannot show that the ALJ failed to comply with the Appeal Council's remand order.

Similarly, Brown's reliance on the vocational expert's testimony indicating that Brown could not perform her past relevant work as a medical receptionist if she was limited to less than frequent use of her hands and fingers for repetitive activity, including keyboarding, is misplaced as the ALJ did not find that Brown had any functional limitations in the use of her hands or fingers.

**B.     Noncompliance (Issue Three)**

A finding of noncompliance with treatment may preclude a finding of disability. See 20 C.F.R. §§ 404.1530, 416.930 ("If you do not follow the prescribed treatment without good reason, we will not find you disabled"); SSR 82-59, 1982 WL 31384, at *1 ("Individuals with a *disabling*



*impairment* which is amenable to treatment that could be expected to restore their ability to work must follow the prescribed treatment to be found under a disability . . . .") (emphasis in original). However, when a disability determination is precluded on this basis, SSR 82-59 provides that there are circumstances under which "an individual's failure to follow prescribed treatment will be generally accepted as 'justifiable' and, therefore, such 'failure' would not preclude a finding of 'disability.' " In this case, the ALJ's opinion does not indicate that he would have found Brown disabled but for Brown's noncompliance. The ALJ's opinion does not reflect that he primarily relied on Brown's noncompliance with prescribed treatment in determining her residual functional capacity; rather, it shows that in assessing Brown's credibility, the ALJ properly addressed her noncompliance with recommended treatment.[4] Accordingly, the court finds that Brown has not shown that the ALJ relied on noncompliance as the basis for finding Brown not disabled and cannot demonstrate that the ALJ violated SSR 82-59. See Meyer v. Comm'r of Soc. Sec. Admin., 456 F. App'x 230, 232 (4th Cir. Nov. 16, 2011) (rejecting the claimant's argument that the ALJ erred by finding that the claimant failed to follow prescribed medical advice without following the procedures in SSR 82-59 because "the ALJ did not conclude that [the claimant] was disabled but had failed to follow prescribed treatment, and therefore was not entitled to benefits"); Copper v. Astrue, C/A No. PWG-08-2621, 2010 WL 3294691, at *3 (D. Md. Aug. 19, 2010) (stating that "SSR 82-59 only

---

[4] To the extent that Brown's argument may be construed as challenging the ALJ's credibility analysis, the court finds upon review of the decision as a whole, this was one factor among several that the ALJ considered. Even assuming without deciding that the ALJ failed to properly evaluate Brown's noncompliance, in light of the remaining reasons offered, Brown cannot demonstrate that the ALJ's credibility analysis is unsupported by substantial evidence or controlled by an error of law that would support remand. See Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (explaining the two-step process for the consideration of subjective complaints); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing the relevant factors for evaluating subjective complaints); SSR 96-7p, 1996 WL 374186.



applies where the ALJ has determined that an individual's impairments preclude him or her from engaging in substantial gainful activity, i.e., an individual who would otherwise be found disabled under the Act" and does not apply in assessing a claimant's credibility pursuant to SSR 96-7p); cf. Ibarra v. Comm'r, 92 F. Supp. 2d 1084, 1087 (D. Or. 2000) ("The ALJ did not expressly purport to deny claimant benefits on the ground that she failed to follow prescribed treatment . . . but his comments . . . and his ultimate finding that claimant is not disabled, rest[ed], in significant part, on his expressed perception that her failure to follow a prescribed treatment caused her [bipolar] condition to be worse than it might otherwise be.").

## RECOMMENDATION

For the foregoing reasons, the court finds that Brown has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.[5]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 20, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Although Brown appears to request oral argument on this matter, the court finds that the facts and legal contentions are adequately presented in filings before the court and argument would not aid the court in resolution of this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).